

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2004

# USA v. Jimenez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"USA v. Jimenez" (2004). *2004 Decisions.* Paper 500.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/500

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4427

UNITED STATES OF AMERICA

v.

JUAN RAFAEL JIMENEZ,
a/k/a RAFFI

Juan Jimenez,

Appellant

Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal Action No. 03-cr-00159
District Judge: Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2004

Before: AMBRO, BECKER and GREENBERG, <u>Circuit Judges</u>

(Opinion filed  July 14, 2004)

OPINION

AMBRO, <u>Circuit Judge</u>

Juan Jiminez pled guilty to conspiracy to distribute and possess with the intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a) and (b). Though Jiminez timely appealed his conviction and sentence, his appellate counsel has filed an *Anders* brief stating that no nonfrivolous issues exist for appeal and moved to withdraw as Jiminez's counsel. After reviewing the record in this case, we dismiss the appeal and grant counsel's motion.

## Factual and Procedural History

In 1999, Jimenez was convicted in the Middle District of Florida of conspiracy to import, attempt to import, conspiracy to possess, and possession with intent to distribute MDMA (ecstasy). He was sentenced to twelve months imprisonment and two years supervised release. In August 2000, after serving his sentence, Jimenez was deported to the Dominican Republic. In January 2002, he illegally reentered the United States without reporting to the United States Probation Office.

On July 1, 2002, Jimenez was arrested in Newark, New Jersey when he sold 500 grams of heroin to an undercover Drug Enforcement Agency ("DEA") agent for $35,000. On March 5, 2003, pursuant to a cooperating plea agreement with the United States Attorney's Office, he pled guilty to conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin. On May 20, 2003, jurisdiction over Jimenez's supervised release was transferred from the Middle District of Florida to the

District of New Jersey. Jimenez pled guilty to three violations of his prior supervised release.

On October 9, 2003, the District Court for the District of New Jersey sentenced Jimenez for all offenses. Granting the Government's motion for downward departure based on his substantial assistance to law enforcement, the District Court sentenced Jimenez to 40 months imprisonment for the New Jersey drug conspiracy conviction and 12 months imprisonment for violation of supervised release, both sentences to run consecutively.

Jimenez appealed his sentence *pro se*, and counsel was appointed to represent him. On November 24, 2003, counsel filed a motion to withdraw from that representation, a motion we denied. He has now filed an *Anders* brief asserting that the appeal raises no nonfrivolous issues and seeks again to withdraw as counsel.

**Discussion**

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, [386 U.S. 738 (1967)]." In reviewing an *Anders* motion, we must consider both "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001).

3

Thus we inquire first whether counsel satisfied his duties under Rule 109.2(a) by thoroughly examining the record in search of appealable issues and explaining why any potential issues are frivolous. *Id*. at 300. While he "need not raise and reject every possible claim," he must conscientiously examine the record. *Id*. Counsel's brief, which refers several times to his "review of the record in this matter," fulfills the first prong. To be sure, mere recitation by counsel that he has reviewed the record is inadequate. *See, e.g.*, *id*. at 299 ("Presenting what amounts to a no-merit letter devoid of analysis will not suffice"); *see also United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000) (quotation omitted) ("[T]he brief at a minimum must assure us that [counsel] has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary."). But counsel also recites the relevant facts and provides short but accurate explanations for the inadequacy of Jimenez's claims. The record in this case so clearly demonstrates the propriety of sentencing that counsel's brevity is justified.

As an initial matter, Jimenez waived his appellate rights. Appellate waivers "are generally permissible if entered into knowingly and voluntarily." *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). There is no indication that Jimenez's waiver was not knowing and voluntary. At the plea colloquy, the District Court questioned Jimenez at length regarding his familiarity with and understanding of the plea agreement that Jimenez signed. That agreement contains a section entitled "Waiver of Appeal and Post-Sentencing Rights," which incorporates Schedule A. Schedule A, in turn, provides

4

in relevant part:

> Juan Rafael Jimenez knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than twenty-seven.

The sentence imposed by the District Court was well within the guidelines contemplated in the plea agreement. In fact, based on the Government's recommendation for downward departure, Jimenez was assigned a total offense level of 19.

Even were we to set aside the appellate waiver, Jimenez would be unable to identify a non-frivolous issue for appeal. His *pro se* notice of appeal presents three basic claims. First, he asserts that he was denied effective assistance of counsel. Second, he claims that the Government impermissibly used against him an admission made in the course of his cooperation. Third, he suggests that his sentence constitutes cruel and unusual punishment.

The first and third arguments warrant little discussion. We do not consider ineffective assistance of counsel claims on direct review. *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003). And five years imprisonment—not to mention a significantly reduced sentence based on the Government's motion for downward departure—manifestly does not violate the Eighth Amendment.

Jimenez abandons these arguments in his response to counsel's *Anders* brief.

5

Instead, he focuses on his second claim. In his request for relief, he asks us to "eliminate the re-entry charge" based on purported assurances by the Government that he would not be charged with illegal reentry. Ultimately, this argument too is unavailing.

Jimenez was sentenced for violating his supervised release by "re-enter[ing] the United States without the express permission of the Attorney General." In addition to forty months imprisonment on the heroin charges, the District Court sentenced Jimenez to a consecutive prison term of twelve months based on three violations of the conditions of supervised release imposed after his Florida narcotics conviction: committing a federal crime, illegal reentry, and failure to report to the U.S. Probation Office after returning to the United States. He received twelve months for the first violation and eight months for the others, with all three to run concurrently.

Jimenez contends that the eight-month sentence for illegal reentry in violation of the conditions of his supervised release contravened his plea agreement with the Government. This argument fails for many reasons. There is no evidence that the Government promised Jimenez he would not be charged with illegal reentry. On the contrary, Jimenez's current counsel, who also served as trial counsel, asserts that Jimenez "received every benefit that was owed to him by the Government." In any event, Jimenez was not charged with the substantive offense of illegal reentry under 8 U.S.C. § 1326.

Moreover, the Government cannot be said to have based its supervised release

charges on information provided by Jimenez during the course of his cooperation with law enforcement. As counsel aptly explains, "Appellant's violation of supervised [release] in the Middle District of Florida was apparent and substantiated by the facts long before Appellant entered into a cooperating plea agreement with the United States Attorney's Office merely by the fact that he was back in the United States, had not notified Probation in the Middle District of Florida and . . . was involved in a new narcotics conspiracy in the District of New Jersey." In other words, that Jimenez had violated the terms of his supervised release was evident from his subsequent arrest, in the United States, on drug charges.

Finally, Jimenez suggests that in order to be sentenced for illegal reentry he "must be charged, tried, and found guilty or plead guilty to this violation." But he did in fact plead guilty to all three violations of his supervised release.

Because we conclude that the appeal is wholly frivolous, we affirm Jimenez's conviction and sentence. In addition, we grant counsel's motion to withdraw.